<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

                       :

NOBLE MALACHI EPHRAIM EL,   :

                       :

       Plaintiff,      :

                       :        Civil No. 11-1648 (GEB)

       v.           :        Civil No. 11-1649 (GEB)

                       :        **OPINION AND ORDER**

ASBURY PARK            :

MUNICIPAL COURT, ET AL.,    :

                       :

       Defendants.    :

_____:

<u>**BROWN, Chief Judge**</u>

     Plaintiff Noble Malachi Ephraim El ("Plaintiff") submitted two complaints on March 24, 2011, that opened the above captioned cases in this Court.  It appears that:

     1.  The Clerk of the Court will not file a complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted _in forma pauperis_ status pursuant to 28 U.S.C. § 1915.  _See_ Local Civil R. 5.1(f).

     2.  The filing fee for commencing a civil action in this court is $350.00.  _See_ 28 U.S.C. § 1914(a).

     3.  Plaintiff did not prepay $350.00 in either case; rather, Plaintiff submitted applications to proceed in these matters _in forma pauperis_ (IFP applications), pursuant to 28 U.S.C. § 1915.

     4.  Having considered Plaintiff's IFP applications, the Court concludes that Plaintiff has adequately represented that his financial condition renders payment of the $350.00 filing fees in these cases a hardship.

5.  As such, the Court will grant Plaintiff's IFP applications and order the Clerk of the Court to file Plaintiff's complaints in each case.

6.  Having done so, the Court will *sua sponte* dismiss both of Plaintiff's complaints with prejudice due to their myriad fundamental and incurable legal flaws.  The instant matters consist of two substantively identical complaints filed by Plaintiff against the Municipal Courts and Police Departments of Asbury Park and Neptune City, respectively.  Having reviewed the complaints in the most liberal light possible, however, the Court struggles to identify Plaintiff's substantive claims, if any, contained therein.[1]  As best the Court can determine, it appears that Plaintiff seeks relief from decisions by the aforementioned Municipal Court defendants regarding the issuance of traffic citations.  *See* Pl.'s Complaint against Asbury Park (hereinafter "Pl.'s Comp. Asbury"), pg. 3 stating, "[i]n the Ticket "Suite" Numbers 021832 & Complaint Number S 2006 002266"); Pl.'s Complaint against Neptune City (hereinafter "Pl.'s Comp. Neptune"), pg. 2) (stating, "the Police Officer issued Two Ticket(s) / Suit(s) / Summons / Bill(s) of Exchange Instrument(s) Number #'s *075289 & 075290*").  Having thoroughly reviewed the allegations set forth in these Complaints, this matter shall be dismissed with prejudice pursuant to Rule 12(b)(1), (6), and 28 U.S.C. §1915(e)(2).

Pursuant to Rule 12(b)(1), this Court must refuse to exercise jurisdiction over Plaintiff's claims for four reasons.  First, the Third Circuit has held that a federal district court may not exercise jurisdiction over a municipal court proceeding such as the instant case involving a traffic citation.

---

[1]  Plaintiff filed the proposed complaints in these cases *pro se*, and as such, the Court shall apply a more liberal standard of review to Plaintiff's claims.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

2

*See Janciga v. Vora*, 257 Fed. Appx. 530, 530-531 (3d Cir. 2007) (dismissing appeal for a claim concerning a traffic citation); *see also* Pa. v. Vora, 204 Fed.Appx. 134, 136 (3d Cir. 2006) (holding that a federal district court does not have jurisdiction over a state traffic court matter).   It follows that proper procedure dictates review through the state appellate process, not the federal system. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997) (barring federal district court from reviewing lower state court decision under *Rooker-Feldman* doctrine).   Therefore, in this case, the *Rooker-Feldman* doctrine bars adjudication of this claim because a decision by the federal court would undermine the ability of the named Municipal Court defendants to enforce their judgments.  *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *McAllister v. Allegheny County Fam. Div.*, 128 Fed.Appx. 901, 902 (3d Cir. 2005).   Third, Plaintiff attempts to assert jurisdiction pursuant to "The Moorish Power Treaties of Protection 1796."   This alleged status creates no jurisdiction in this Court. *Jefferson El Bey v. North Brunswick Mun. Court*, F.Supp.2d WL 2510725 (D.N.J. 2008); *see also Great Seal Moorish Sci. Temple v. N.J.*, No. 05-345, 2005 WL 2396311, at 1 (E.D.Pa. 2005)(dismissing civil rights claim by plaintiff who asserted special jurisdictional rights due to his Moorish nationality).   Fourth, absolute-immunity bars claims against both Municipal Court defendants in this case. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that judges and courts cannot be held civilly liable for their judicial actions).

Moreover, even if this Court's exercise of subject-matter jurisdiction was proper, alternative rules of procedure would mandate dismissal because the claims are meritless.  Rule 12(b)(6) permits a court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief may be granted.  A plaintiff must show "enough facts to state a claim for relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 1974 (2007).  The *Twombly*

plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged" and demands a

showing that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*

*v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556).  In the present

case, Plaintiff fails to plead any facts that explain how the traffic citations were unlawful.  Indeed,

Plaintiff  refers to the traffic tickets only once in each pleading.  In lieu of facts, Plaintiff presents

pages of religious declarations and unsubstantiated legal conclusions.  The Moors profess that they

are sovereigns of the Moorish Empire and not subject to the laws of the United States.  Plaintiff's

denunciation of the power of the federal government over the Moors is in direct contradiction to his

simultaneous petition for relief under the United States Constitution.  This Court need not accept

Plaintiff's " 'unsupported conclusions and unwarranted references,' " *Baraka v. McGreevey*, 481

F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113

F.3d 405, 417 (3d Cir. 1997); *Wyeth v. Ranbaxy Labs, Ltd.*, 448 F.Supp.2d 607, 609 (D.N.J.

2006)(dismissing a claim supported only by "[l]egal conclusions made in the guise of factual

allegations").  Therefore, Plaintiff's claims for relief are without merit.

Under a similar analysis, this Court must dismiss Plaintiff's claims pursuant to 28 U.S.C. §

1915(e)(2), which states "the court shall dismiss the case at any time if the court determines that .

. . (B) the action or appeal (1) is frivolous or malicious [and] (ii) fails to state a claim on which relief

may be granted . . ."  As evidenced above, the frivolity of Plaintiff's claims border on abuse of the

legal process.  *See Burpee-El v. Warden, Fort Dix,* WL 4628031 (D.N.J. 2010)(declining, in a

similar case,  "to apply the imaginary body of law that the petitioners propose" and warning

petitioner against the repercussions of recreational litigation). Therefore, this matter shall be dismissed for lack of jurisdiction under 12(b)(1) and for failure to state a claim under 12(b)(6) and 28 U.S.C. § 1915(e)(2).  For the foregoing reasons;

IT IS THIS 31st day of May, 2011, hereby

ORDERED that Plaintiff's IFP applications are GRANTED;  (Doc. No. 1; Civ. Nos. 11-1648 / 11-1649)

ORDERED that the Clerk of the Court FILE Plaintiff's complaints in each of these cases;  (*Id.*)

ORDERED that Plaintiff's complaints are DISMISSED WITH PREJUDICE;  (*Id.*)

ORDERED that the Clerk of the Court CLOSE these cases.  (*Id.*)

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

5